[J-56A-2014 and J-56B-2014] [MO: Eakin, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA
EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 686 CAP |
| | : | |
| Appellant | : | Appeal from the Order entered on |
| | : | 09/13/2013 in the Court of Common |
| | : | Pleas, Criminal Division of Lehigh |
| v. | : | County at No. CP-39-CR-0001114-2002 |
| | : | |
| | : | SUBMITTED:  May 29, 2014 |
| RAYMOND SOLANO, | : | |
| | : | |
| Appellee | : | |
| | | |
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 687 CAP |
| | : | |
| Appellee | : | Appeal from from the Order entered on |
| | : | 09/13/2013 in the Court of Common |
| | : | Pleas, Criminal Division of Lehigh |
| v. | : | County at No. CP-39-CR-0001114-2002 |
| | : | |
| | : | SUBMITTED:  May 29, 2014 |
| RAYMOND SOLANO, | : | |
| | : | |
| Appellant | : | |

**DISSENTING OPINION**

**MR. JUSTICE STEVENS**                          **DECIDED:  December 21, 2015**

I respectfully dissent from the Majority's decision to affirm the PCRA court decision awarding Raymond Solano ("Solano") a new penalty phase based on penalty counsel's ("counsel") alleged ineffectiveness in presenting mitigating evidence regarding his traumatic childhood and its impact on his mental health.

The Majority acknowledged that counsel's strategy to humanize Solano by portraying him as a likeable young man with a troubled childhood was plausible;

however, the Majority then determined that counsel "despite her good intentions of garnering the jury's compassion for Solano, did not employ the means necessary to achieve this end." Majority Opinion at 67. I respectfully disagree.

While counsel may not have been experienced in trying capital cases, "[t]his Court has consistently stated that inexperience alone is not equivalent to ineffectiveness." Commonwealth v. Blystone, 555 Pa. 565, 725 A.2d 1197, 1205 (1999) (citation omitted).

As the Majority outlined supra, each of Solano's four penalty-phase witnesses testified as to his mother's neglect, severe drug abuse, and arrest that predicated his time in foster care. Moreover, each witness identified Solano as a "funny, kind, cooperative" child. These four witnesses conveyed to the jury all of the points in support of counsel's "humanizing" strategy. Specifically, the testimony outlined "[Solano's] traumatic upbringing, his mother's extensive drug history, his time in foster care, as well as the fact that he was generally a likeable, funny child who performed well in a structure[d] environment." Commonwealth's Brief at 21. This testimony clearly had an impact on the jury, as the panel found that the catch-all mitigator had been established.

At the PCRA hearing, Solano presented potential mitigating evidence through testimony from several witnesses including additional family members and teachers, as outlined by the Majority. While each witness provided an in-depth analysis of both Solano's and his mother's disturbing childhoods, such evidence was cumulative of the evidence already presented by counsel at the penalty phase.

It is my belief that the PCRA court and the Majority relied too heavily on counsel's testimony wherein she "f[ell] on her proverbial sword and assert[ed] that she

did not have a reasonable basis for not doing what [Solano] now claims she should have done." Commonwealth's Brief at 23.

The Majority opinion may open the door for some defense attorneys to purposely deliver a sub-par penalty phase performance, claim their own ineffectiveness during PCRA proceedings in order for their client to be awarded a new penalty phase trial.[1]

While it is imperative public defenders and criminal defense firms assign capital cases to experienced attorneys, in this case the fact that counsel maintains that she was inexperienced does not negate the fact that the defendant received a full and fair trial. I respectfully dissent and would reverse the order granting Defendant a new penalty phase trial.

---

[1] See, e.g., Commonwealth v. Spotz, 610 Pa. 17, 176, 18 A.3d 244, 339 (2011) (Castille, CJ., concurring) (where Chief Justice Castille admonished the tactics employed by the Federal Defenders to "exhaust[ ] the time and resources of the Commonwealth and the state judiciary").